IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ANGELO LEE TAYLOR, | : | Case No. 3:24-cv-00282 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Caroline H. Gentry |
| PENNYMAC LOAN SERVICES, LLC, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This action was filed by Plaintiff Angelo Lee Taylor, or "Angelo Lee from the House of Taylor Clan, and member of the Aniyunwiya Tribe . . . a peaceful inhabitant of the American republic lands of Greene County, Ohio."[1] (Doc. Nos. 1, 1-1, 1-2.) Plaintiff filed this action "for the specific purpose of vacating the foreclosure judgment ruling" in *PennyMac Loan Services LLC v. Unknown Spouse of William E. Jackson, if any, et al.*, Greene Cty. Court of Common Pleas Case No. 2023 CV 0371 (referred to herein as "the State Case").[2] (Doc. No. 1-1 at PageID 10; Doc. No. 1-2 at PageID 14.)

Briefly, Plaintiff asserts that the Greene County Court of Common Pleas ("State Court") wrongfully entered a decree of foreclosure on December 8, 2023 ("State Order"),

---

[1] Plaintiff also refers to himself as "Trustee for G Bound Republic," "Private Diplomat for the Common Law," and "Occupant of the Executor's Office," among other things. (Doc. Nos. 1, 1-1, 1-2.)

[2] Available by name or case number search at https://courts.greenecountyohio.gov/eservices/ (last visited Dec. 27, 2024).

which led to his eviction from the property located at 2074 Triumph Dr., Fairborn, Ohio 45324 ("the Property"). Plaintiff, who was not named as a defendant in the State Case, appeared in that action after the Property was foreclosed upon and sold. (State Case Docket Sheet, Doc. No. 1-3 at PageID 22-32; Decree of Foreclosure, Doc. No. 1-5 at PageID 61-66; Entry Confirming Sale, Doc. No. 1-6, PageID 67-72; Notice of Special Appearance, Doc. No. 1-8, PageID 78.) Plaintiff claimed to have an ownership interest in the Property based upon adverse possession. (Motion to Set Aside Sheriff's Sale, Doc. No. 1-9, PageID 80-83.) The State Court denied Plaintiff's Motion on October 11, 2024. (Entry and Order Doc. No. 1-20, PageID 118-19.) In a Final Notice of Eviction issued on October 14, 2024, Plaintiff was ordered to vacate the Property by no later than October 28, 2024. (Doc. 1-20, PageID 120.)

On October 24, 2024, Plaintiff filed this federal lawsuit. He submitted numerous documents for filing, including a Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion," Doc. No. 1, PageID 1-4), "Notice of Removal Tender of Payment of Fees" ("Notice of Removal," Doc. No. 1, PageID 5), "Statement of Grounds for Removal" ("Removal Statement," Doc. No. 1-2), and "Complaint / Motion to Vacate Judgment and Counterclaim Action to Quiet Title" ("Complaint," Doc. No. 1-25). In this lawsuit, Plaintiff seeks to "achiev[e] the declaratory relief of vacating the trial court's foreclosure judgment ruling." (Complaint, Doc. No. 1-25, PageID 133-34.)

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b). Currently pending before the Court is Plaintiff's Motion for Leave to

2

Proceed *In Forma Pauperis* ("IFP Motion," Doc. No. 1). Separately, the undersigned has also considered whether the Court has subject-matter jurisdiction over this case.

For the reasons set forth below, the undersigned **RECOMMENDS** that the District Judge **DENY** Plaintiff's IFP Motion and **ORDER** him to pay the $405 filing fee if he wishes to proceed with this litigation. In addition, or in the alternative, the undersigned **RECOMMENDS** that the District Judge **DISMISS** this action for lack of subject-matter jurisdiction.

**I.     THE COURT SHOULD DENY THE IFP MOTION**

Plaintiff seeks leave to proceed without paying the required filing fees pursuant to 28 U.S.C. § 1915. (IFP Motion, Doc. No. 1.) Plaintiff states that he is not employed but claims to have received $28,000 in compensation from a "Lawncare" business within the last twelve months. (*Id*. at PageID 2.) He claims monthly expenses of $1,450 but has not described them. (*Id*. at PageID 3.) Plaintiff has no dependents, creditors, or monthly bills. (*Id*. at PageID 1, 4.) When asked to "[p]rovide any other information that will help explain why you cannot pay the costs of these proceeding," Plaintiff states:

> Pursuant to the current National Banking Emergency evidenced by Reorganization Plan No. 26, I cannot "pay" for anything since Constitutional Money has been removed from circulation, leaving me with only the ability to discharge debts.

(Doc. No. 1 at PageID 3.) Plaintiff also submitted a document titled "NOTICE OF REMOVAL TENDER OF PAYMENT OF FEES" that says:

> Pursuant to the current National Banking Emergency evidenced by Chapter 11 Reorganization Plan Number 26, 1 have pledged this evidence of indebtedness, described as the Application To Proceed Without Prepayment of Fees (Collateral Security), along with a Promissory Note, promising to

3

pay the sum certain amount of Five Hundred and 00/100 ($500 USD) to United States District Court Southern District of Ohio, for the specific purpose of converting this note to working US currency acceptable to satisfy the face value amount of the Fees to file this action pursuant to Title 28 USC §1441.

(Doc. No. 1 at PageID 5.) Attached to this document is a "PROMISSORY NOTE / SECURITY BOND" in which Plaintiff (or rather, Angelo-Lee "Occupant of the Executor's Office for the ANGELO LEE TAYLOR©, ESTATE") promises to pay $500 to this Court. (Doc No. 1 at PageID 6.)

As an initial matter, the undersigned rejects Plaintiff's proffer of a "promissory note / security bond" to satisfy the filing fee requirement. 28 U.S.C. § 1914 (requiring a party instituting a case (including a removed case) "to pay a filing fee of $350" and "such additional fees . . . as are prescribed by the Judicial Conference of the United States"). Federal courts routinely dismiss cases for failure to pay the filing fee where plaintiffs instead offer a promissory note. *E.g., Baird v. Ammiyhuwd*, No. 1:16-cv-1152, 2017 WL 430772, at *2-3 (S.D. Ohio Jan. 31, 2017) (Litkovitz, J.), *report and recommendation adopted*, 2018 WL 3524465 (S.D. Ohio July 23, 2018) (Barrett, J.).[3]

---

[3] *See also Stephens v. Santander Consumer USA, Inc.*, No. 2:20-cv-02010, 2020 WL 1874117, at *3 n.2 (W.D. Tenn. Apr. 15, 2020), which cites the following cases that reject similar attempts:

> *Bendeck v. U.S. Bank Nat'l Ass'n*, No. 17-00180-JMS-RLP, 2017 WL 2726692, at *4 (D. Haw. June 23, 2017) (dismissing claims based on plaintiff's "absurd and frivolous" premise that "a promissory note is money"); *Marvin v. Capital One*, No. 1:15-cv-1310, 2016 WL 4548382, at *5 (W.D. Mich. Aug. 16, 2016) (holding that plaintiff could not pay the debt owed by use of a purported promissory note "because such a note is not legal tender"); *Martinez v. Wells Fargo Bank*, No. 12-cv-802-CAB(BGS), 2014 WL 12026058, at *5 (S.D. Cal. Sept. 11, 2014) ("To the extent that plaintiff means to argue that he satisfied his loan-repayment obligations when he tendered his promissory note, plaintiff is wrong."); *Baird v. Ammiyhuwd*, No. 1:16-cv-1152, 2017 WL 430772, at *2–3 (S.D. Ohio Jan. 31, 2017) (dismissing case when defendants sought to pay court filing fee

The IFP Motion also fails on its merits. Based on the information that Plaintiff provided, he has not shown that he is unable to afford the costs of litigation and still provide for the necessities of life. *See Adkins v. E.I. DuPont de Nemours, Inc.,* 335 U.S. 331, 339 (1948). Indeed, Plaintiff does not argue that he cannot pay the filing fee because he cannot afford it. Rather, he argues that he cannot pay the filing fee because money is not in circulation. (Doc. No. 1 at PageID 3.) This assertion appears to be based upon one or more so-called "sovereign citizen" theories, which are patently frivolous and have been repeatedly rejected. *Baird,* 2018 WL 3524465, at *2 ("The notion that a person is a 'sovereign citizen' and not subject to the laws of the United States has uniformly been rejected by the courts as lacking any foundation in law. In addition, the [Sixth Circuit has] held that such an argument is completely without merit and patently frivolous."); *Williams v. Skelly*, No. 1:17-cv-204, 2018 WL 2337310, at *1 (W.D. Ky. May 23, 2018) (rejecting argument "that no lawful money of account exists in circulation").

Accordingly, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's IFP Motion (Doc. No. 1) and **ORDER** him to pay $405 (the $350 filing fee plus a $55 administrative fee) if he wishes to proceed with this litigation.

---

with a self-created "promissory note"); *Johnson v. Wennes*, No. 08-cv-1798-L(JMA), 2009 WL 1228500, at *4 (S.D. Cal. May 5, 2009) ("[A] promissory note is a promise to pay a stated amount that does not create money in payment for real property.... [Plaintiff's promissory note] did not create money out of the ether.").

## II. THE COURT SHOULD DISMISS THIS MATTER FOR LACK OF SUBJECT-MATTER JURISDICTION

The undersigned also concludes that this Court lacks subject-matter jurisdiction over this action, and therefore recommends that it be dismissed with prejudice.

### A. Legal Standard

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute . . . , which is not to be expanded by judicial decree[.]" *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (internal citations omitted). This Court has a duty to review *sua sponte* whether subject-matter jurisdiction exists in each case before it. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *see also* Fed. R. Civ. P. 12(h)(3). As the party seeking to bring this case in federal court, Plaintiff bears the burden of establishing the existence of subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### B. Plaintiff's Allegations

In his Complaint (Doc. No. 1-25), Plaintiff names Pennymac Loan Services, LLC ("Pennymac") and Double E Properties, LLC ("Double E") as Defendants. Defendant Pennymac was the plaintiff in the State Case that successfully foreclosed upon the Property. Defendant Double E purchased the Property at the Sheriff's sale. Plaintiff "invokes Federal Question[] jurisdiction for US Constitution substantive and procedural violations of due process leading to this action." (*Id*. at PageID 134.) For relief, Plaintiff

6

> seeks to vacate the foreclosure judgment issued by [the] Greene County Ohio Common Pleas Court, which led to the Sheriff's sale, and conveyance of the real property in question that has been found, peacefully possessed, and claimed by the Petitioner as private property, after it had been deemed to be vacant and abandoned by the City of Fairborn.

(Complaint, Doc. No. 1-25, PageID 134-35.)

### C. This Court Lacks Subject-Matter Jurisdiction Under The *Rooker-Feldman* Doctrine

This Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine. Plaintiff seeks an order that would vacate the judgment of the State Court in a completed foreclosure action. But except for habeas corpus proceedings, federal courts lack "authority to review the final judgments of a state court in judicial proceedings." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *see Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (under the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the losing party's claim that the state judgment itself violates the loser's federal rights"); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of these judgments").

In a similar case, the United States District Court for the Northern District of Ohio relied upon the *Rooker-Feldman* doctrine to dismiss a complaint that sought federal review of a completed state foreclosure case. That court explained:

7

> [T]he *Rooker-Feldman* doctrine provides that "lower federal courts lack subject matter jurisdiction to review the decisions of state courts." *Givens v. Homecomings Fin.*, 278 Fed.Appx. 607, 608-609 (6th Cir. 2008) (citing *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923)). Under the doctrine, "a litigant who loses in state court may not seek 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed.Appx. 487, 489 (6th Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 (2005)) (internal citation omitted). . . .
>
> "Whe[n] federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id.* at 490 (quoting Catz, 142 F.3d at 293) (brackets added).
>
> Although the First Amended Complaint (ECF No. 12) like earlier complaints Plaintiff has filed is difficult to comprehend and consists of unclear and conclusory statements and legal assertions, <u>it is apparent he seeks through his claims, once again, to challenge the validity of the state-court judgment in the foreclosure action. To the extent his claims do so, they are barred by *Rooker-Feldman.*</u> *See Kafele*, 161 Fed.Appx. at 490 (affirming dismissal of claims asserted in federal court resting on premise that state foreclosure judgment was invalid).

*Heinz v. Folland*, No. 5:22-cv-0576, 2022 WL 3287984, at *2-3 (N.D. Ohio Aug. 11, 2022) (footnote omitted), *reconsideration denied*, 2022 WL 4364770 (N.D. Ohio Aug. 29, 2022) (emphasis added).

Based upon the foregoing authority, the undersigned concludes that this Court lacks subject-matter jurisdiction over this action because the *Rooker-Feldman* doctrine applies. Therefore, the undersigned **RECOMMENDS** that the District Judge **DISMISS** this matter with prejudice for lack of subject-matter jurisdiction.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the IFP Motion (Doc. No. 1) and **ORDER** Plaintiff to pay the $405 filing fee if he wishes to proceed with this litigation. In addition, or in the alternative, the undersigned **RECOMMENDS** that the District Judge **DISMISS** this case for lack of subject-matter jurisdiction.

Plaintiff may file Objections to this Report and Recommendation as described at the end of this document. He is **ADVISED** that he must provide the Court with an address at which he may be reached while this case is pending. Failure to provide an updated address may lead to this case being dismissed for failure to prosecute.

**IT IS SO RECOMMENDED.**

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

### Notice Regarding Objections to this Report and Recommendations

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).